IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RALPH JOHNSTON, JR., #402674     \*
    Plaintiff,
    v.                                             \*     CIVIL ACTION NO. JFM-16-2502

ANGELA D. ALSOBROOKS          \*
  Chief States Attorney
        Defendant.                  \*
                                                   \*\*\*\*\*

MEMORANDUM

On July 5, 2016, plaintiff Ralph Johnston, Jr., who is currently confined at the Central Maryland Correctional Facility, filed this 42 U.S.C. § 1983 civil rights action seeking damages of $100,000.00 against the Prince George's County State's Attorney Angela D. Alsobrooks. He alleges in July of 2011, he was falsely accused and indicted by a grand jury of carrying a dangerous weapon with the intent of injuring the victim.[1] ECF No. 1. Johnston's complaint was accompanied by a motion for leave to proceed in forma pauperis which shall be granted. His complaint, shall, however, be summarily dismissed.

Johnston's complaint for damages may not proceed. His claim against the prosecutor is not colorable. State's Attorney Alsobrooks is immune from damages under § 1983. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77

---

[1] The state court docket shows that Johnston was convicted of first- and second-degree assault, and one count of carrying a dangerous weapon openly with intent to injure. The assault convictions were affirmed on appeal. The dangerous weapon count was reversed by the Court of Appeals of Maryland. *State v. Johnston*, Case Number CT111159A (Circuit Court for Prince George's County). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

(4th Cir. 1996). Decisions regarding whether and who to prosecute fall within those prosecutorial functions.

Because Johnston's prisoner civil rights case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[2] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[3] This constitutes the first § 1915(e) strike to be assessed against Johnston. A separate order follows.

Date: July 1, 2016

J. Frederick Motz
United States District Judge

---

[2] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines thatB

(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) **seeks monetary relief against a defendant who is immune from such relief.**

[3] 28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.